GEORGE STEWART, PLAINTIFF, v. PAUL DEXTER, DEFENDANT.

Superior Court of New Jersey
Law Division Hudson County

Decided March 11, 1986.

*William Z. Shulman,* for plaintiff.

*Frederick L. Woeckener,* for defendant.

OPINION

HUMPHREYS, A.J.S.C.

This is an action for malicious prosecution and tortious interference with a business. The parties seek disclosure of their testimony before the Hudson County Grand Jury and also disclosure of the grand jury testimony of other potential witnesses in this civil action. The Prosecutor of Hudson County opposes the motion asserting the secrecy of grand jury proceedings.

The issue presented is the conflict between two judicial policies, the first protecting the secrecy of grand jury proceedings and the second fostering the search for the truth in civil trials. Under the circumstances here the second policy predom-

inates. The motion for disclosure is granted subject to a protective order.

## I.

Testifying before the grand jury were the parties to this civil action and Humberto Varone and James Smallze. Notice of this motion was given to Varone and Smallze, but they did not appear.

■ Under New Jersey law, a civil litigant who seeks grand jury testimony must make a "strong showing of particularized need that outweighs the interest in grand jury secrecy." *State v. Doliner*, 96 *N.J.* 236, 246 (1984). *See also Doe v. Klein*, 143 *N.J.Super.* 134, 141–3 (App.Div.1976).

In the *Doliner* case, the State sought to use grand jury transcripts and materials in civil prosecutions. The New Jersey Supreme Court considered the following reasons for nondisclosure:

(1) [t]o prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he had been under investigation, and from the expense of standing trial where there was no probability of guilt. (*Procter & Gamble*, 356 *U.S.* 677, 681 n. 6, 78 *S.Ct.* 983, 986 n. 6, 2 *L.Ed.*2d 1077 [quoting *U.S. v. Rose*, 215 *F.*2d 617, 628–9 (3d Cir.1954)].)

The New Jersey Supreme Court in *Doliner* commented:

It may be seen at once that the reasons for secrecy are primarily related to the work of an ongoing grand jury investigation, not the work of a grand jury that has concluded its deliberations and returned either an indictment or a no bill. When either of those events occurs the first three factors will almost invariably disappear. [*Id.* at 247.]

■ In the present case we have a grand jury that completed its investigation many months ago and returned a no bill. Hence the first three reasons for the policy of secrecy have disappeared.

With respect to the fourth reason, the Court in *Doliner* said:

Encouragement of witness cooperation is fundamental to the effectiveness of grand juries. Federal courts have hesitated to impinge upon that interest. [Citations omitted]. But in New Jersey every witness is on notice that his or her testimony will be disclosed to a defendant upon request. The reluctant witness knows that the more likely the indictment, the more likely the evidence will be disclosed. [Footnote omitted]. Witness cooperation would not appear to be strongly implicated in New Jersey. *Ibid.*

The final reason, shielding an innocent suspect, is not present in this case since the former "suspect" (the plaintiff) wishes to have the grand jury testimony disclosed.

Thus the usual policy reasons against disclosure of grand jury minutes are not present here to any significant degree. Consequently, the party seeking disclosure is "not required to demonstrate a large compelling need." *See Doliner* at 251 (*quoting U.S. Industries, Inc. v. U.S. Dist. Ct.*, 345 *F.*2d 18, 21 (9th Cir.), *cert.* den. 382 *U.S.* 814, 86 *S.Ct.* 32, 15 *L.Ed.*2d 62 (1965).

## II.

█ Applying those principles here, Stewart has demonstrated sufficient need. Dexter and Stewart will presumably testify at the trial. Their grand jury testimony may be necessary to impeach their testimony, refresh their recollection or test their credibility. "Such use is necessary to avoid misleading the trier of fact." *See Douglas Oil Co. of Cal. v. Petrol Stops Northwest*, 441 *U.S.* 211, 221 n. 12, 99 *S.Ct.* 1667, 1674 n. 12, 60 *L.Ed.*2d 156 (1979).

The same may be true of the other witnesses. In addition plaintiff contends that Smallze is unavailable as a witness, and plaintiff will therefore seek to introduce Smallze's grand jury testimony at trial. See *Evid.R.* 63(3).

The court has examined the depositions, grand jury testimony and written statements given by Messrs. Stewart, Davis and Smallze. The credibility of witnesses will be very important in this case. Plaintiff's position is that the defendant falsely and maliciously accused him of theft, and that others, including

Smallze, were the thieves. Defendant's position is apparently that he acted in good faith based on information that his investigator had received from Smallze and others.

When issues of credibility are critical, prior testimony of the witnesses becomes especially important. What a witness said on a prior occasion compared with his testimony at trial will often significantly aid the trier of fact in determining the truth. The aim of our judicial system is to ascertain the truth so that justice will be done. Disclosure of the grand jury testimony will here significantly further that aim. Thus sufficient need for the grand jury testimony has been shown.

To summarize, the policies against non-disclosure of grand jury testimony are not present here to any significant degree. Determining the truth in this civil action will likely require a full exposure of the facts, including testimony that the parties and witnesses gave before the grand jury. Thus plaintiff has made a sufficient showing to warrant disclosure to the parties of the grand jury testimony.

Plaintiff will submit a form of order. That order will provide that the grand jury testimony will not be disclosed or disseminated to anyone other than the parties and their counsel without prior approval of the court.